Mr. Justice NELSON
delivered-the opinion of the court.
The complainant, Bowen, by petition, united in a creditor’s bill which had been filed against the defendants, before it was at issue. Subpoenas were issued and served on him; and, although no order appears to have been entered permitting the joinder of the petitioner in the suit, all the subsequent proceedings were carried on as if such order had been entered. No objection was made to the joinder, but, on the contrary, the court and all parties seem to have acquiesced.
The practice of permitting judgment creditors to come in and make themselves parties to the bill, and thereby obtain he benefit, assuming at the same time their portion of the costs and expenses of the litigation, is well settled.
The judgment, which is set forth in his petition against Penn, the common debtor, is for the sum of $3260.96, upon which execution had been issued and returned. At the same time another judgment creditor, T. B.' Heed and others, joined in the proceedings without objection. This judgment had been'rendered against Penn for the sum of *208 $3916.75. The case went to a hearing on the pleadings anti proofs, and a decree was'entered dismissing the bill. It is now hero on appeal.
Although the bill was originally filed against four parties, while the suit was progressing, and after the above judgment creditors had become parties to the proceedings, it ivas dismissed by the stipulation and consent of the complainants as to two of them — Thompson and Green — -’who were charged in the bill as having become the owners of large parcels of the estate of Fenn, the debtor, after his insolvency and before he made an assignment for the benefit of his creditors. The dismissal of these parties narrowed the litigation and confined the' issue between the judgment creditors on the one side, and the debtor and Robbins, his general assignee, on the other, and who was the only witness examined in the case. He was called on the part of the complainants. His testimony shows, that Fenn was heavily in debt and hopelessly insolvent. That he had divested himself of all his property in his endeavors to adjust his debts, and by the. assignment for the benefit of his creditors. There was no concealment of any of his assets, or attempted appropriation of any part of them for his own benefit or the benefit of his family. All that he possessed appears to. have been devoted by the assignment to the use of his creditors, and we perceive no reason for dissenting from the conclusion at which the court below arrived in its disposition of the .case.
Decree affirmed.